```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA


POINT SERVICE CORPORATION,

          Plaintiff,

v.                                   MISCELLANEOUS NO. 3:09-0145
                                     (U.S. Bankruptcy Nos.
PRITCHARD MINING COMPANY, INC.,      3:09-ap-03006; 3:09-bk-30018)

          Defendant.

_____


PRITCHARD MINING COMPANY, INC.,

          Plaintiff,

v.                                   CIVIL ACTION NO. 2:09-0769

DOUG BROWN, an individual,
POINT SERVICE CORPORATION, a
West Virginia corporation, and
POINT SERVICE COAL SALES, INC.,
a West Virginia corporation,

          Defendants,

DOUG BROWN, an individual,
POINT SERVICE CORPORATION, a
West Virginia corporation, and
POINT SERVICE COAL SALES, INC.,
a West Virginia corporation,

          Third-Party Plaintiffs,

v.

LAW RIVER COMPANY, INC., a
West Virginia limited liability company,
EURO-AMERICAN COAL TRADING, INC.,
a New York corporation, and
THEODORE SOHNEN,

          Third-Party Defendants.

_____
```

**POINT SERVICE CORPORATION,**

      **Appellant,**

**v.**                      **CIVIL ACTION NO. 3:10-0373**
                                       **(U.S. Bankruptcy Court Nos.**
**PRITCHARD MINING COMPANY, INC.,**    **3:09-ap-03006; 3:09-bk-30018)**

      **Appellee.**

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court are the following: Point Service Corporation's appeal under 28 U.S.C. § 158(a) of the United States Bankruptcy Court's Order Granting Motion of Pritchard Mining Company, Inc., for Relief from the Automatic Stay (Case No. 3:10-cv-0373); Point Service Corporation's Motion to Withdraw Reference and Consolidate Adversary Proceeding (Case No. 3:09-mc-0145, Doc. No. 1); and Pritchard Mining Company's Motion to Dismiss, or in the Alternative, Motion to Abstain or Remand (Case No. 2:09-cv-0769, Doc. No. 4). For the reasons set forth below, the court affirms the order of the United States Bankruptcy Court, denies the motion to withdraw reference, and grants the motion to abstain.

### I.  <u>Factual and Procedural Background</u>

Point Service Corporation ("Point Service") is a Chapter 11 Debtor in the United States Bankruptcy Court for the Southern District of West Virginia (Case No. 3:09-bk-30018, hereinafter "the bankruptcy proceeding"). It is also the plaintiff in an

-2-

adversary proceeding in the bankruptcy court against Pritchard Mining Company, Inc., ("Pritchard")(Case No. 3:09-ap-03006, hereinafter "the adversary proceeding").  Pritchard, in turn, is the plaintiff in a civil action initiated in the Circuit Court of Kanawha County, West Virginia, and removed to this court by defendants Point Service, Doug Brown, and Point Service Coal Sales, Inc., ("Point Service Coal Sales")(Case No. 2:09-cv-0769, hereinafter "the civil action").

In the civil action, Pritchard alleges that it entered into an agreement in July 2005 with Brown, the president of Point Service, for the purchase of coal from Pritchard's surface mine in Kanawha County.  Pritchard alleges that it began delivery of coal the following month, and continued delivering it through September 2005.  When its invoices went unpaid, Pritchard alleges, it contacted Brown and – with assurances from Brown that payment would be forthcoming – continued delivering coal through the first part of November 2005.

Pritchard asserts that it met with Brown the following month and reached a letter-form agreement setting forth the dates and amounts for payments to be made by Brown for the coal previously delivered, whose value Pritchard calculates at one million two thousand nine hundred twelve dollars and sixteen cents ($1,002,912.16), plus interest.  When Brown allegedly still failed to make payment for the coal, Pritchard filed suit on

-3-

March 24, 2006, in the Circuit Court of Kanawha County ("the State court")(Kanawha County Circuit Court Action No. 06-C-550). In the civil action, Pritchard makes the following claims grounded in state law:

a.   Count I – Breach of Contract, alleging that Brown purchased coal from Pritchard and failed to pay $1,002,912.16 for it.

b.   Count II – Benefits Bestowed and Goods Had and Received, alleging that Brown, Point Service, and Point Service Coal Sales are liable as purchaser or in equity for the value of the coal.

c.   Count III – Misrepresentation, alleging that Brown misrepresented to Pritchard that it would receive full and prompt payment.

d.   Count IV – Fraud in the Inducement, alleging that Brown's actions fraudulently induced Pritchard to deliver the coal.

e.   Count V – Conversion, alleging, upon information and belief, that the party that sold the coal delivered by Pritchard was paid for the coal and converted the proceeds of sale to the use of Brown or to its own use.

f.   Count VI – Guaranty and Co-Obligor, alleging that Brown personally assured Pritchard that Brown was personally purchasing and promising payment for the coal, and that Brown is thus liable as guarantor.

g.   Count VII – Disregard of Corporate Entities, alleging, upon information and belief, that Brown owns and controls Point Service and Point Service Coal Sales and treats them as his alter egos, or thinly capitalizes them, or disregards their corporate formalities, such that the corporate entities should be disregarded and judgment entered against Brown for the amounts due.

h.   Count VIII – Causation, alleging that, as a result of the misrepresentations and fraudulent acts alleged in Counts I – VII, Brown caused Pritchard damages and substantial harm.

(Case No. 2:09-cv-0769, Doc. No. 1 Ex. A1.)

Brown moved to dismiss the claims against him and against Point Service Coal Sales based on the Statute of Frauds on May

-4-

15, 2006, and also argued that he was protected by corporate
immunity.  Discovery and the taking of depositions followed.
Then on February 8, 2008, the State court denied the motion to
dismiss, noting that many of the issues raised in the action –
such as the applicability of corporate immunity and whether Point
Service or Brown should be considered a party to the coal supply
contract – were subject to a jury trial under West Virginia law.

Trial was then set for October 27, 2008, and the parties
resumed the discovery process.  At Brown's request shortly before
trial, the State court continued the trial to February 18, 2009.
A discovery dispute soon followed, with Pritchard seeking answers
from Brown to its discovery requests.  A discovery commissioner
was appointed to resolve the issue, but on January 12, 2009,
Point Service filed its bankruptcy petition.  In its Notice of
Suggestion of Bankruptcy filed with the State court on January
14, 2009, Point Service asserted that the entire civil action was
subject to the automatic stay provisions of the Bankruptcy Code.

On February 10, 2009, Point Service initiated an adversary
proceeding against Pritchard, seeking to void as preferential or
fraudulent certain transfers to Pritchard relating to the
indebtedness under the coal sales agreement.  (Case No. 3:09-ap-
03006, Doc. No. 1.)

On June 23, 2009, the bankruptcy court granted Pritchard's
motion for relief from the automatic stay, authorizing Pritchard

-5-

to proceed with the civil action in State court.  (Case No. 3:09-bk-30018, Doc. No. 53.)  The bankruptcy court subsequently denied in part Point Service's motion to reconsider, granting it only to the extent necessary to clarify that the recitation of facts in the court's first order referred only to allegations, and did not represent findings of fact.  (Id. Doc. No. 69.)  Point Service then appealed the bankruptcy court's ruling to this court.  (Case No. 3:10-cv-0373.)

On July 2, 2009, defendants in the civil action removed the case to this court pursuant to 28 U.S.C. § 1452 on the basis that the alter ego and piercing the corporate veil claims are the exclusive property of the bankruptcy estate.  (Case No. 2:09-cv-0769 Doc. No. 1 (citing 28 U.S.C. §§ 157, 1334).)  On July 31, 2009, Point Service also moved this court under 28 U.S.C. § 157(d) to withdraw the reference of the adversary proceeding, and to consolidate it in this court with the removed civil action.  (Case No. 3:09-mc-0145 Doc. No. 1.)  At approximately the same time, Pritchard moved the court to dismiss the civil action as having been improperly removed, or, alternatively, to abstain from hearing it or to remand it to the State court. (Case No. 2:09-cv-0769 Doc. No. 4.)

## II.  Analysis

### A.  Point Service's Appeal of the Bankruptcy Court's Order Granting Relief from the Automatic Stay

Pursuant to 28 U.S.C. § 158(a), Point Service appeals the bankruptcy court's order granting relief from the automatic stay of 11 U.S.C. § 362(a) and allowing the civil action to proceed. Citing Steyr-Daimler-Puch of America Corp. v. Pappas, 852 F.2d 132 (4th Cir. 1988), and In re Charles Edwards Enterprises, Inc., 344 B.R. 788 (Bankr. N.D. W. Va. 2006), Point Service contends that the alter ego claim Pritchard asserts is a "core proceeding" and the exclusive property of the bankruptcy estate, and that the district court accordingly has exclusive jurisdiction over the claim.  Point Service further argues that the interests of judicial economy are served by reinstating the stay, because Pritchard's claims against Point Service are dependent upon the resolution of the adversary proceeding.

The bankruptcy court concluded that it did not have jurisdiction over Brown and Point Service Coal Sales for purposes of the civil action except with respect to the alter ego claim asserted against Brown, but that the State court had jurisdiction over all counts and parties.  (Case No. 3:09-bk-30018 Doc. No. 53 at 4 (citing Charles Edwards, 344 B.R. 788).)  The bankruptcy court further held that "Count VII . . . may be included as property of the Debtor's estate pursuant to 11 U.S.C. § 541(a)(1), as it involves an alter ego claim against a

-7-

corporate insider of Debtor." (Id. (citing Charles Edwards, 344
B.R. at 790, for the proposition that "[a]lter ego theories . . .
are the exclusive property of the bankruptcy estate and cannot be
pursued by any party other than the . . . trustee in the absence
of abandonment or the grant of derivative standing.").)

The court proceeded to explain its concern that Point
Service was highly unlikely as the Chapter 11 debtor-in-
possession to proceed with an alter ego action against Brown, its
president and sole shareholder. (Case No. 3:09-bk-30018 Doc. No.
53 at 5.) To circumvent the problem, the court noted, Pritchard
had requested that it be granted derivative standing to prosecute
the alter ego claim against Brown on behalf of the bankruptcy
estate. (Id.) Pritchard assured the court that, "if granted
such derivative standing, it would pursue the alter ego claim at
its own cost and to a determination in state court as to whether
Brown is the alter ego of [Point Service] for the benefit of all
creditors of [the bankruptcy estate]." (Id.) See In the Matter
of iPCS, Inc., 297 B.R. 283, 289-90 (Bankr. N.D. Ga.
2003)(granting derivative standing to a creditors' committee, and
holding that because certain conflicts of interest may be present
in a bankruptcy case that keep management "lax" in pursuing
causes of action on behalf of the estate, such as where debtor's
management itself received the transfer, "if a debtor has a
cognizable claim, but refuses to pursue that claim, an important

-8-

objective of the Code would be impeded if the bankruptcy court has no power to authorize another party to proceed on behalf of the estate in the debtor's stead.").

As the bankruptcy court noted, creditors may be given derivative standing to initiate suit where the debtor-in-possession has abused its discretion in not suing or has unjustifiably failed to bring suit on its own behalf. See 11 U.S.C. § 1109(b); In re STN Enterprises, 779 F.2d 901, 904 (2d Cir. 1985). The decision to grant derivative standing should take into account whether the creditor holds a colorable claim supporting recovery and whether asserting such claims would be likely to benefit the bankruptcy estate. STN Enterprises, 779 F.2d at 905. The bankruptcy court noted Pritchard's desire to continue the civil action against Brown on behalf of the estate, assuming the costs, attorney's fees, and expenses necessary to do so. (Case No. 3:09-bk-30018 Doc. No. 53 at 6.) With respect to the merit of the claim supporting recovery, the court observed that the State court had previously denied Brown's motion to dismiss, and that the case had been on the eve of trial when Point Service filed its bankruptcy petition. (Id.)

The bankruptcy court then considered the interests involved, and concluded that allowing the civil action to proceed would not prejudice Point Service or the bankruptcy estate, nor would it burden the other creditors, because Pritchard would bear the

-9-

expense of litigating the action.  (Id. (citing In re Timothy L. Bradshaw, No. 06-11111, 2007 WL 542161, at *3 (Bankr. M.D.N.C. Feb. 16, 2007).)  Given that the civil action had been pending for years, the court found a significant hardship would accrue to Pritchard if it were not permitted to proceed.  Moreover, the court found that 11 U.S.C. § 502 would not prevent the grant of stay relief "because this Court has not made a determination of the avoidability of the alleged transfers."  (Id.)

Finally, the court concluded that 11 U.S.C. § 362(d)(1) permits the court to grant relief from the automatic stay "for cause," and that "a desire to permit an action to proceed to completion in another tribunal may provide . . . cause." (Id. at 7 (quoting Bradshaw, at *3).)  Determining that Pritchard's continuation of its claims against Point Service and Brown derivatively on behalf of the debtor-in-possession constituted cause sufficient to grant relief from the automatic stay, the court modified the automatic stay of 11 U.S.C. § 362 such that Pritchard could pursue its State court claims.  (Id.)  The court limited its relief from the stay "to the point of obtaining a judicial determination of [Point Service's] liability," and, with respect to Count VII, "to the point of obtaining a determination in the State Court by trial or otherwise of whether Brown is the alter ego" of Point Service or whether Pritchard may "pierce the corporate veil" of Point Service to reach Brown's assets.  (Id.)

To the extent necessary, the court noted, Pritchard could later request that the bankruptcy court give effect to the State court's ruling or the finding of a jury.  (Id.)

In appealing this decision of the bankruptcy court, Point Service again argues that the alter ego claim is the exclusive property of the bankruptcy estate.[1]  The cases upon which Point Service relies for this proposition, however, acknowledge that the court may grant derivative standing to a party other than the Trustee to pursue the case, where appropriate.  See Charles Edwards, 344 B.R. at 790 ("Alter ego theories . . . are the exclusive property of the bankruptcy estate and cannot be pursued by any party other than the Chapter 7 trustee *in the absence of abandonment or the grant of derivative standing*.").

Moreover, the STN Enterprises factors which guide the court's decision to grant derivative standing are in Pritchard's favor.  Pritchard had been prosecuting its alter ego claim in State court for more than two years, had survived a motion to dismiss, and was on the eve of trial when the stay went into effect.  Allowing Pritchard to proceed at its own expense

---

[1]  Under 28 U.S.C. § 1334(b), this court possesses original, but not exclusive, jurisdiction over the civil action, which entails claims grounded in State law and does not arise under the Bankruptcy Code.  See In re Norrell, 198 B.R. 987, 993 (Bankr. N.D. Ala. 1996).

certainly will impose no net burden on the estate.  As such, the court affirms the order of the bankruptcy court.[2]

**B.    Point Service's Motion to Withdraw Reference and to Consolidate**

Point Service also moves to withdraw the reference of the adversary proceeding to the bankruptcy court, and to consolidate it with the removed civil action.  (Case No. 3:09-mc-0145 Doc. No. 1.)  Original jurisdiction over all cases arising under title 11 of the Bankruptcy Code is vested in the district court, which may automatically refer bankruptcy cases to non-Article III bankruptcy judges.[3]  28 U.S.C. § 157(a).  However,

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  Point Service acknowledges that mandatory

---

[2]  Point Service also relies upon the pendency of the adversary proceeding to argue under 11 U.S.C. § 502(d) that relief from the stay is improper.  As noted by the bankruptcy court, however, a determination has not yet been made as to the avoidability of the transfers at issue under 11 U.S.C. §§ 544 and 547.  Prior to such determination, Section 502(d) does not disallow a claim.  In re Parker North Am. Corp., 24 F.3d 1145, 1155 (9th Cir. 1994).

[3]  Local Rule of Civil Procedure 83.13 provides that "all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the Bankruptcy Court for disposition."  L.R. Civ. P. 83.13.

-12-

withdrawal under § 157(d) is not at issue relative to the adversary proceeding, and instead argues in favor of permissive withdrawal.  (Case No. 3:09-mc-0145 Doc. No. 2 at 4.)

Because "cause" for permissive withdrawal is not explicitly defined in § 157(d), many courts consider a number of factors in deciding whether cause exists to withdraw the automatic reference:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.

Dwyer v. First National Bank, No. 5:08-cv-01269, 5:08-mc-00058, 2009 U.S. Dist. LEXIS 42819, at *9 (S.D. W. Va. May 19, 2009)(Johnston, J.)(quoting Allen v. Nat'l City Mortg. Co., 2:04-mc-188, 2006 U.S. Dist. LEXIS 94819, at *4 (S.D. W. Va. July 13, 2006)(Goodwin, J.)).

The first is the most important of these factors.  See Blackshire v. Litton Loan Servicing, L.P., No. 2:08-mc-00116, 2009 U.S. Dist. LEXIS 17715, at *6 (S.D. W. Va. Feb. 13, 2009)(Goodwin, J.)(citing In re Coe-Truman Techs., Inc., 214 B.R. 183, 187 (Bankr. N.D. Ill. 1997)).  Because – as the parties agree – the adversary proceeding is a "core" proceeding, this factor weighs in favor of denying Point Service's motion.  See Dwyer, at *22 ("The proper forum to resolve questions as to the validity of [the bank's] setoff debt owed by [the debtor] is in

the bankruptcy court, as actions to avoid preferences and
fraudulent transfers are designated by statute as core
proceedings.").

As this court has previously held, the second factor – the
uniform administration of bankruptcy law – is best served by
allowing the bankruptcy court to resolve any outstanding
bankruptcy law questions.  See Dwyer, at *24.  Similarly, the
experience the bankruptcy court has developed through routine
handling of such matters promotes judicial economy and fosters
the efficient use of the parties' resources.  Moreover, Point
Service's own actions – seeking multiple continuances and filing
its bankruptcy petition shortly before trial – raise the concern
that withdrawing the reference to the bankruptcy court could
encourage the practice of forum shopping.

As to the sixth factor, Point Service argues that
Pritchard's demand for a jury trial in the civil action and "the
intertwining of common questions over the nature and extent of
the underlying indebtedness . . . cause a jury trial to be
required on the preference and fraudulent transfer actions."
(Case No. 3:09-mc-0145 Doc. No. 2 at 7-8.)  The request for a
jury trial, however, is not alone sufficient cause for
discretionary withdrawal.  See In re American Classic Voyages,
Co., 337 B.R. 509, 511 (D. Del. 2006)("[A]ssertion of a Seventh
Amendment right to a jury trial, coupled with a refusal to

-14-

consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary withdrawal."); In re Conseco Finance Corp., 324 B.R. 50, 55 (N.D. Ill. 2005); In re Apponline.com, 303 B.R. 723, 727 (E.D.N.Y. 2004).  For these reasons, the court denies Point Service's motion to withdraw the automatic reference under Local Rule 83.13.

**C.  Pritchard's Motion to Dismiss, to Abstain, or to Remand**

The court next turns to Pritchard's motions in the civil action.  As a threshold matter, Pritchard argues that the Notice of Removal filed by Brown, Point Service, and Point Service Coal Sales (hereinafter "defendants") was defective, and that they have thus failed to invoke this court's jurisdiction.  (Case No. 2:09-cv-0769 Doc. No. 4.)  In support, Pritchard cites Local Rule 83.13, which provides for the automatic reference of Title 11 cases to the bankruptcy court for disposition, and also provides that "[f]ilings in bankruptcy actions shall be made directly with the Clerk of the Bankruptcy Court."  L.R. Civ. P. 83.13.  While defendants initially filed their Notice of Removal in the district court, they subsequently filed a notice with the Clerk of the Bankruptcy Court.  Because both notices were timely filed, the court finds no merit in Pritchard's argument on this point.

Pritchard next argues that the court must abstain from hearing this action under 28 U.S.C. § 1334(c)(2).  That section provides that

-15-

> [u]pon timely motion of a party in a proceeding based
> upon a State law claim or State law cause of action,
> related to a case under title 11 but not arising under
> title 11 or arising in a case under title 11, with
> respect to which an action could not have been commenced
> in a court of the United States absent jurisdiction under
> this section, the district court shall abstain from
> hearing such proceeding if an action is commenced, and
> can be timely adjudicated, in a State forum of
> appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

Mandatory abstention thus applies under this statute if 1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); 2) the claim is a non-core proceeding; 3) an action has been commenced in State court; and 4) the action can be adjudicated timely in State court.  Matter of Rupp & Bowman Co., 109 F.3d 237, 239 (5th Cir. 1997); In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996).

Defendants argue that the fact that the adversary proceeding – which it characterizes as its defense to the civil action – is a core proceeding dictates that mandatory abstention does not apply.  (Case No. 2:09-cv-0769 Doc. No. 10 at 6.)  Defendants contend that, "[t]hough the core proceeding is not the original dispute between Pritchard and Point Service, its significant relation to the bankruptcy case merits removal of the entire dispute to the District Court."  (Id.)  As explained above, however, the court declines Point Service's request to withdraw the automatic reference of the adversary proceeding.  Because the civil action, which was initiated more than two years before the

-16-

adversary proceeding, is based entirely on State law and the parties to it do not meet the requirements of diversity jurisdiction, the civil action has no independent basis for federal jurisdiction. It was both commenced in state court and can be most timely adjudicated in state court; indeed, it is likely that it would already have been resolved there, had it not been removed to this court. Under these circumstances, the court must abstain under § 1334(c)(2).

### III. **Conclusion**

Finding no error in the bankruptcy court's Order Granting Motion of Pritchard Mining Company, Inc., for Relief from the Automatic Stay (Case No. 3:10-cv-0373), the court **AFFIRMS** the order as amended on August 31, 2009, and **ORDERS** that the automatic stay be modified as to the claims against Point Service to the point of obtaining a judicial determination of Point Service's liability. Further, to the extent Count VII of Pritchard's complaint involves property of the bankruptcy estate under 11 U.S.C. § 541(a)(1), Pritchard is granted derivative standing and is authorized and empowered to prosecute Count VII on behalf of the bankruptcy estate only to the point of obtaining a determination in the State court of whether Brown is the alter ego of Point Service or whether Pritchard may "pierce the corporate veil" of Point Service to reach the assets of Brown.

The court further **DENIES** Point Service's Motion to Withdraw
Reference and Consolidate Adversary Proceeding (Case No. 3:09-mc-
0145, Doc. No. 1).  Pursuant to Local Rule of Civil Procedure
83.13, the adversary proceeding is referred to the bankruptcy
court.  Finally, the court **GRANTS IN PART** Pritchard's Motion to
Dismiss, or in the Alternative, Motion to Abstain or Remand (Case
No. 2:09-cv-0769, Doc. No. 4), and **ABSTAINS** from hearing the
civil action, which may proceed in the Circuit Court of Kanawha
County as directed above.

The Clerk is directed to send copies of this Memorandum
Opinion and Order to Bankruptcy Judge Ronald G. Pearson, to the
Clerk of the Bankruptcy Court, to counsel of record, and to send
a certified copy to the Clerk of the Circuit Court of Kanawha
County.

It is **SO ORDERED** this 31st day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge

-18-